**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

**No. 5:14-CV-220-RN**

| | | |
|---|---|---|
| NICHOLE D. GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CONSENT CONFIDENTIALITY** |
| | ) | **AGREEMENT AND** |
| CHRISTOPHER CLARK, DDS, & | ) | **PROTECTIVE ORDER** |
| ASSOC., dba THE DENTAL CENTER | ) | |
| AT ZEBULON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The parties hereby stipulate and agree that this Consent Confidentiality Agreement and Protective Order ("Order") is being entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1.    <u>Scope of Order.</u>   This Order governs the handling and disclosure of HIPAA protected and other confidential materials produced, given, or filed herein by Plaintiff or Defendants in this matter.

2.    <u>Agreement on Use of Confidential Information.</u>   All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in furtherance of the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose.

3.    <u>"Document."</u>   When used in this Order, the term "document" means all writings, drawings, graphs, charts, recordings, computer disks and tapes, audiotapes, videotapes, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

4.     "Material."   When used in this Order, the term "material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

5.     "Confidential Information."   When used in this Order, the term "Confidential Information" means:

  a.   All business information reasonably considered to be proprietary or confidential;

  b.   All financial information; and

  c.   Any document or material containing or reflecting protected HIPAA information of the Defendants' patients.

  d.   Plaintiff's medical records, psychiatric records, counseling records, rehabilitation records, and financial information including tax information and Social Security number.

6.     Scope of Permitted Disclosure.   Except upon further order of the Court, Confidential Information shall not be disclosed to any person except as follows:

  a.   Parties to this action and their staff, and employees of the parties who are directly participating in the defense of this action (including but not limited to any mediation, arbitration, or any other settlement process and appeals), or otherwise have a need to know of the Confidential Information for purposes of the lawsuit;

  b.   Law firms of the parties to this action and such firms' attorneys and office staff;

  c.   Any person specifically employed in this litigation as an independent expert (who is not a shareholder, officer, director or employee of a party) who has previously agreed in writing to be bound by terms of this Protective Order by executing a Consultant's Acknowledgment in the form of Exhibit A, attached hereto (and the attorneys for the respective parties shall maintain a file of such written agreements).

The executed agreements need not be produced to the other side prior to any such person's designation as an expert witness reasonably expected to testify in this Action. For any such person under this sub-paragraph who does not become an expert witness reasonably expected to testify in this matter, counsel for the party employing said consulting expert shall maintain in their file an executed copy of the Acknowledgement;

d.    the Court; and

e.    court reporters engaged to record depositions, hearings or trials in this action.

7.    <u>Conditions of Disclosure to Experts or Witnesses.</u>  Prior to disclosure of Confidential Information to any person set forth in Paragraphs 6(a) and 6(c) of this Order, the Disclosing Party shall inform such person that Confidential Information shall be used for the purposes of the furtherance of the prosecution or defense of this action only.

8.    <u>Disposition of Confidential Information.</u> To the extent permitted by the North Carolina Rules of Professional Conduct, within 30 days of the completion of this action (which shall be the earlier of the date upon which judgment becomes final after all appeals have been exhausted the date on which the action is terminated by stipulation of dismissal), all parties shall destroy all Confidential Information and copies thereof obtained through discovery, and counsel for each party shall prepare, file and serve on counsel for all other parties a written certification of compliance with this provision; provided, however, that nothing in this provision or Paragraph shall require the destruction of attorney work product.

9.    <u>Procedural Reach of Restrictions.</u> Restrictions in this Order on the disclosure and use of Confidential Information shall continue during any trial or hearing of this action until completion of the action and disposition in accordance with Paragraph 12 of this Order.

10.    <u>Modification of Order.</u> Any party may seek to have the terms of this Order modified upon due notice to all of the other parties.

11. <u>Enforcement.</u> Each person who receives the Confidential Information in this action submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be found, solely for the purposes of the enforcement of this Order.

12. <u>Use of Information.</u> This Order shall not be construed as prohibiting or restricting the use of Confidential Information during depositions, hearings, trial, or any appellate proceeding in this matter. Within ten days of use of Confidential Information, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal specifying the interests which would be served by restricting public access to the information.

So ORDERED this the __5th__ day of ___March___ , 2015.

_Robert T Numbers II_
U.S. Magistrate Judge Robert T. Numbers II